# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

JAMES CLAYTON,                        )
                                      )
                Petitioner,)
                                      )
        v.                   )       No. CIV-06-014-S
                                      )
RON WARD,                             )
                                      )
                Respondent.)

## OPINION AND ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and currently incarcerated at the Stafford Correctional Facility in Aberdeen, Washington, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking his conviction and sentence in Muskogee County District Court Case Number CRF-1982-579 for Second Degree Murder. He sets forth the following grounds for relief:

> Petitioner was denied an appeal through the ineffective assistance of counsel during the critical stages of proceedings to perfect an appeal or to take the necessary steps to perfect an appeal in violation of the 6th and 14th Amendments of the United States Constitution; Petitioner did not have the effective assistance of counsel prior to, at the time of and subsequent to his plea in Count One, the only Count challenged of CRF-82-579 in violation of the 6th and 14th Amendments of the Constitution of the United States; Petitioner's blind plea to Count One the only count challenged in CRF-82-579 is invalid due to the coercion of counsel Hoch so that the plea to Count One does not represent a knowing, intelligent and voluntary plea and thus is in violation of the 5th, 6th and 14th Amendments of the Constitution of the United States; Petitioner's parole hearing and processing is in violation of the due process and ex post facto clauses of article 1, section 10, clause 1 and the Fifth and Fourteenth Amendments of the Constitution

of the United States; Petitioner is denied due process, equal protection, effective assistance of counsel and is retaliated against for exercise of clearly established and protected constitutional rights of access to the courts by the use of or by the Department of Corrections and Parole Board of misinformation and false materials to deny petitioner parole in Count One of CRF-82-579 in violation of the First, Fifth, Sixth and Fourteenth Amendments of the Constitution of the United States; Petitioner is being denied due process, equal protection, effective assistance of counsel and is being retaliated against for exercise of clearly established and protected constitutional rights of access to courts when he is not credited with time from 1982 to this date, including good-time, on his sentence in Count One of CRF-82-579 in violation of the First, Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States; Petitioner is denied due process, equal protection, effective assistance of counsel, when he was denied effective assistance of counsel during a "critical stage" of proceedings-the ten days in which to set in motion the appeal process-in Count 1 in CRF-82-579 in violation of the Fifth, Sixth, and Fourteenth Amendments of the Constitution of the United States; Petitioner submits the Department of Corrections has and does fail to follow orders of the Court and will continue to use false, bogus and inaccurate information against the Petitioner to deny him due process of law by failing to allow a parole hearing in compliance with Constitutional principles in violation of the ex post facto clause, due process and equal protection clauses (Fifth and Fourteenth Amendments) and by retaliating against Petitioner for exercise of protected First Amendment rights.

The Respondent has submitted the following records to the court for consideration in this matter:

a. Order on Post Conviction Relief from Muskogee County District Court filed September 16, 2005.

b. Response to Petition for Writ of Mandamus filed in <u>Mallard v. State of Oklahoma</u>, CJ-03-3197 on January 29, 2004.

c. Order denying Petition for Writ of Habeas Corpus filed in <u>Derek D. Burger v. Scott</u>, HC-2000-1093 filed on November 29, 2000.

d.  Order denying Application for Writ of Habeas Corpus in <u>Southern v. Scott</u>, HC-2000-1380 on December 13, 2000.

e.  Order and Judgment in <u>Glaspar v. Tulsa County District Court</u>, No. 95-5077 filed on September 26, 1995.

f.  Order Affirming Denial of Post Conviction Relief and Declining Jurisdiction of Request for Appointment of Counsel in <u>James Clayton v. The State of Oklahoma</u>,(Okla. Crim. App. December 20, 2005).

g.  Letter to Judge Mike Norman from James Clayton dated September 16, 2004.

h.  Letter to Judge Mike Norman from James Clayton dated September 21, 2004.

**FACTS**

Petitioner, James Clayton, an inmate in the custody of the State of Oklahoma, appearing *pro se* has filed with this court a petition seeking federal habeas corpus relief. Petitioner is currently incarcerated pursuant to a Judgment and Sentence in the District Court of Muskogee County, State of Oklahoma, Case No. CF-82-579 wherein Petitioner plead guilty and was convicted of one count of Second Degree Murder and was sentenced to life imprisonment. Petitioner did not withdraw his guilty plea. Petitioner did not file a direct appeal after his guilty plea. Petitioner did file an Application for Post-Conviction Relief and on September 16, 2005, the Muskogee County District Court issued an Order denying the post-conviction application. On December 20, 2005, the Oklahoma Court of Criminal Appeals issued an Opinion affirming the district court denial.

Petitioner filed a post-conviction application that was reviewed by the Oklahoma Court of Criminal Appeals. The Oklahoma Court of Criminal Appeals held that all the claims raised in the post-conviction application were procedurally barred from review

citing 22 O.S.A. § 1086. Petitioner raises the same eight claims in this habeas action as he raised in the state post-conviction application. The United States Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Oklahoma has consistently applied a procedural bar to issues that could have been raised on appeal or in a prior request for post-conviction relief. Steele v. Young, 11 F.3d 1518 (10th Cir. 1993). In Steele, the Tenth Circuit Court of Appeals stated:

> ....It has been stated clearly that section 1086 'strictly' prohibits raising issues that could have been raised before, even issues involving fundamental, constitutional rights. ...Thus, the Oklahoma Court of Criminal Appeals' decision rested on an adequate, as well as independent, state ground. Steele at 1522.

Therefore, the state court's reliance on its statutory procedural default rule in refusing to review these arguments made by Petitioner in his post-conviction application is an independent and adequate state ground for its decision. For Petitioner to overcome this procedural bar he must demonstrate cause for the default and actual prejudice as a result of the violation of federal law.

The United States Supreme Court has defined "cause" as "something external to the Petitioner that cannot fairly be attributed to him" Coleman at 753, quoting Murray v. Carrier, 477 U.S. 478, 488 (1986). In Murray, the court noted that cause is

4

established by "a showing that the factual or legal basis for a claim was not reasonably available to counsel...or that 'some interference by officials'...made compliance impracticable... would constitute cause under this standard." Murray, 477 U.S. at 488. Petitioner's argument regarding cause is limited to arguing that his failure to timely file his Notice of Intent/Motion to Withdraw Guilty pleas document was the fault of his trial counsel. Petitioner argues that he asked counsel to appeal Count One of the Information.  Petitioner claims he tried to call him, and wrote trial counsel letters, but heard nothing.  Petitioner argues his family could not reach trial counsel either. Petitioner argues this is the sole reason a withdrawal of a guilty plea was not entered.

The court finds this argument unpersuasive.  First, it should be noted this is not Petitioner's first time before this court.  In fact, Petitioner filed a *pro se* appeal to this court in CIV-96-195-S and was successful in an effort to withdraw his 1982 guilty pleas.  He then as a *pro se* litigant filed a multitude of pleadings in state court upon his return.  It is difficult to find merit in his argument that a direct appeal regarding his 2004 guilty plea was not made because he thought it was his attorney who was supposed to file something.  But more telling are Petitioner's letters to the court after he entered his guilty pleas. In these letters there is no mention of an attempt to contact his lawyer regarding an appeal.  In fact, the letters indicate Petitioner was fully aware of his appeal deadline.  In a letter to Judge Norman dated September 16, 2004, one day after Judge Norman took Petitioner's guilty pleas, Petitioner stated "Judge Norman, needless to say I would feel better had you given me a sentence I can/could discharge. However, I accept what I have been given.  I am thankful and wish

you to know that I will do my upmost to secure my release via parole and to show everyone that I am a person of value to the community." In another letter to the court dated September 21, 2004, Petitioner states "Additionally, I have until next Monday, September 27, 2004, to file a Motion to Withdraw in CRF-82-579." These letters reveal that Petitioner was communicating with the trial court during a critical time and was aware of the time frame to withdraw his guilty plea. Not once in the letters to the Judge does the Petitioner mention an indication to withdraw the guilty pleas or that he is making any effort to retain counsel to withdraw the pleas. In fact, Petitioner does not even mention discussing the same with a lawyer. Petitioner is a well versed *pro se* litigant. He spent 22 years appealing his first sentence and was successful in getting those pleas withdrawn. The facts reveal that he was fully aware of the deadline to withdraw his plea. Thus, he was fully capable of withdrawing the guilty pleas on his own if he so chose. Further, the Petitioner answered "yes" to this question at the hearing: "That you should understand that if you want to ask to withdraw a plea or appeal this case, you have to give written notice within ten days from today's date." The transcript also reveals that he and his attorney had gone over his appeal rights and that he understood them.

Petitioner has also attempted to argue there was some type of money pressure from his court-appointed counsel to enter a plea. However, the evidence seems to be to the contrary. Petitioner has stated he was promised if he paid his lawyer $7,000-$10,000.00 he would be home by Christmas. However, at the hearing where he entered his plea the court specifically asked him if he was under any pressure regarding money in making his decision to enter his plea. He said there was no such pressure.

Petitioner also attempts to claim that his court-appointed trial counsel was supposed to be his appellate counsel. However, there is no indication in the record that Petitioner's court-appointed counsel was retained for such a task. It is not automatically presumed that a guilty plea will be withdrawn or appealed. Petitioner had a vast knowledge of the legal system having previously prosecuted a successful appeal which took 22 years. Further, his letters to Judge Norman do not reveal any attempt to retain appellate counsel. Accordingly, the court finds this argument has no merit either.

Petitioner has simply failed to show "cause" for his failure to file a timely notice of appeal or a motion to withdraw his guilty plea in accordance with state procedural rules. "The 'cause and prejudice' exception is conjunctive, requiring proof of both cause and prejudice." Thus, this court need not address the issue of "prejudice" from failure to file. Klein v. Neal, 45 F.3d 1395, 1400 (10th Cir. 1995).

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus is **DENIED**, and this action is, in all respects, **DISMISSED**.

**Dated this 11th Day of June 2007.**

Frank H. Seay
United States District Judge