# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES EDWARD CLAYTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV 06-014-FHS-KEW |
| ) | |
| RON WARD, Warden, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

On June 11, 2007, the court entered an order dismissing this habeas corpus action as procedurally barred. (Docket #59). Petitioner subsequently engaged counsel who filed a motion for a new trial, pursuant to Fed. R. Civ. P. 59 (Docket #62), which the court construes as a motion to alter or amend a judgment, pursuant to Fed. R. Civ. P. 59(e). Petitioner raises the following grounds for relief:

1. Denying the Petition on essentially (and incorrect) procedural grounds.

2. Legally and factually incorrect handling of the issues of ineffectiveness of counsel, to include trial counsel and appeal-initiating appellate counsel.

3. Failing to perceive that the ineffectiveness of trial and appeal-initiating counsel is judicially (and in this context, Federally) reviewable, and can constitute an "inadequate" ground for State denial of relief, at least in certain contexts (*e.g.* the ineffectiveness of appeal-initiating counsel).

4. Taking an at least *de facto* "judicial notice" of controverted and fairly controvertable [sic] "facts."

5. Failing to give the Petitioner an opportunity to be heard before the taking of even a *de facto* mode of judicial notice.

6. Failing to hold an evidentiary hearing herein of material and disputed facts therein, at the very minimum on the conduct of Petitioner's trial and appeal-initiating counsel.

7. Finding that the Petitioner actually "knew" his rights to such an extent that the Petitioner's unexplained failure to assert certain rights constituted an intentional and intelligent "waiver" thereof.

8. Misperceiving the actual state of the Record herein, and what is reflected therein.

9. Finding certain failures by the State Courts to reach and/or correctly decide certain of Petitioner's claims to have rested on an "adequate" State ground.

10. Failing to find erroneousness and ineffectiveness in the advice given to Petitioner, before his sentencing, by Petitioner's trial and appeal-initiating counsel.

11. Failing to recognize that erroneous advice by an attorney to a defendant facing sentencing, about the effect of sentencing, is sometimes remediable under both Oklahoma and under Federal law.

12. Failing to find that certain reverses suffered by the Petitioner before the Oklahoma Pardon and Parole Board were promimately [sic] caused by the ineffectiveness of Petitioner's trial and appeal-initiating counsel.

13. Handling, recognizing, and/or treating certain newly-discovered, or at least post-trial-discovered, evidence.

14. Failure to accord proper credence to the various (and undisputed) affidavits and other documentation submitted by the Petitioner.

15. Failing to give the Petitioner a fair opportunity to brief, argue, try, or present the merits of his case.

16. Failing to find prejudice, whether actual or constructive, to the illegalities suffered by the Petitioner. And,

17. Failing to uphold other constitutional and fundamental rights of the Petitioner.

Petitioner presented eight grounds for relief in his habeas corpus petition:

Ground I: Denied appeal by the ineffective assistance of counsel.
Ground II: Ineffective assistance of counsel prior to, during, and subsequent to the plea agreement.
Ground III: Coercion by counsel in entry of blind plea, based on counsel's representation that petitioner would be discharged by Christmas 2004 and that petitioner would receive credit for time served since 1982, including good-time credit.
Ground IV: Parole hearings in violation of due process and ex post facto.
Ground V: Denied due process to deny parole.
Ground VI: Denied due process--not credited with time from 1982 to date.
Ground VII: Denied due process during critical stage of proceedings--the ten days after entry of the plea during which an appeal could have been filed.
Ground VIII: Denied due process by DOC's failure to allow parole hearing.

As an initial matter, the court finds petitioner raised claims in this petition that are not appropriate for a § 2254 habeas corpus action. His allegations in Grounds IV, V, VI, and VIII are not challenges to his conviction and sentence. Instead, those claims attack the execution of his sentence by asserting constitutional claims about the parole process. Such claims should be brought in a separate action, pursuant to 28 U.S.C. § 2241. Therefore, the court will consider only Grounds I, II, III, and VII of the petition and will not consider any claims related to petitioner's parole proceedings.

Petitioner alleges that prior to entering his guilty pleas, Albert J. Hoch, his court-appointed counsel, told him he had spoken with the trial judge, the Attorney General's office, and the Pardon and Parole Board. (Docket #69 at 6). Hoch claimed to have made a "deal" for a guilty plea in exchange for petitioner's parole in December 2004. *Id.*. Hoch allegedly offered to represent petitioner before the parole board for a fee of $7,000.00 to $10,000.00, which petitioner's wife agreed to pay. *Id.* at 7. Hoch, however, allegedly cautioned petitioner that there could be no mention of the deal in open court, "lest 'Drew [the Attorney

General] get involved.'" *Id*. Petitioner understood this statement to mean the Attorney General, who was prosecuting the case, should be "spare[d] . . . any embarrassment from any questions if some newsman might be present." *Id*.

Petitioner claims that because of Hoch's representation that petitioner would be home by Christmas 2004, he agreed to accept the deal. *Id*. at 7. On the way to the courtroom, however, petitioner instructed Hoch to commence an appeal after sentencing, as a precaution against the deal's somehow falling through. *Id*. The alleged plea agreement was not discussed at petitioner's blind plea proceedings. *Id.*

A review of the plea transcript reveals that the court and the attorneys exercised extraordinary care to make a record showing that petitioner's pleas were entered knowingly and voluntarily. The parties were well aware they were in court 22 years after the crimes were committed, because petitioner had successfully litigated withdrawal of his 1982 pleas.

The record shows that petitioner testified under oath, under penalty of perjury, that his pleas were free and voluntary (Tr. 24-26). He stated he understood he was entering a blind plea, and he was aware of the maximum possible sentence that could be imposed. (Tr. 36-37). Petitioner acknowledged that the State had made no representations or promises about anything that would occur after the pleas. (Tr. 39). He also understood that if a plea agreement existed, the court was not bound by it. (Tr. 18). He was satisfied with his attorney's assistance in the proceedings, and he acknowledged there was no agreement with the State or any coercion to enter the plea. (Plea Tr. 17-18, 33, 38-39, 64-65). Petitioner was advised and acknowledged that if he wanted to withdraw his plea, he had to give written notice within ten days. (Tr. 25, 129). After his sentences were imposed, the trial court advised petitioner that he had the right to appeal the decision, and petitioner's court-

4

appointed counsel was asked to continue representing petitioner for ten days. (Tr. 128-29). Petitioner also was advised that he had the right to a court-appointed attorney. (Tr. 129).

Petitioner claims that after he was sentenced, he was taken to a holding area in the Sheriff's Office, where he briefly met with Mr. Hoch. (Docket #69 at 8). He asserts he again instructed Hoch to commence the appeal. *Id*. When he did not hear from Hoch, petitioner allegedly attempted to phone Hoch daily, but his calls were refused. *Id*. Petitioner's wife also allegedly made frequent attempts to phone Hoch, but he never accepted or returned her calls. *Id*. On September 21, 2004, petitioner allegedly wrote a letter to Hoch that never was answered. *Id*. Attempts by another attorney and a minister to contact Hoch were unsuccessful. *Id*.

As discussed in the court's previous order, petitioner also wrote the trial judge twice, acknowledging his appellate filing deadline. Rather than file an appeal, a motion to withdraw his plea, or a motion for an appeal out of time, however, petitioner waited almost a year, until August 1, 2005, and filed a *pro se* Application for Judicial Review, pursuant to Okla. Stat. tit. 22, § 982a, complaining he had not been paroled or credited with time served from 1982. (Docket #1, Exhibit F). The application revealed Hoch's "secret deal" about a December 2004 parole and about credits for time served, including good-time credits, and petitioner alleged he relied on the deal when entering his pleas. *Id*. at 1-2. He also claimed he was assured he would be returned immediately to the State of Washington and probably never returned to the Oklahoma Department of Corrections, and his hair would not be cut. *Id*. at 2. Although petitioner claimed Hoch was ineffective in pursuing an appeal, he did not request an appeal out of time. *Id*. at 2-3. Instead, he asked the trial court to order an accurate report for judicial review from the DOC and to modify his life sentence for Second Degree

5

Murder "to a term of forty-five (45) years, with credit for *all time back dated to 1982*, and concurrent to *all* *sentences*." *Id*. at 6-7 (emphasis in original). The motion for judicial review was denied, because § 982a did not apply to "convicted felons who have been in confinement in any state prison for any previous felony conviction during the ten-year period preceding the date that the sentence this section applies to was imposed." (Docket #1, Exhibit E at 1). Petitioner had seven prior felony convictions, any one of which disqualified him from judicial review of his sentence. *Id*.

On August 29, 2005, petitioner filed an application for post-conviction relief, alleging the same eight grounds for relief that are presented in this habeas corpus petition. (Docket #1, Exhibit G). The state district court thoroughly analyzed the claims on the merits and found petitioner was not entitled to post-conviction relief. *State v. Clayton*, No. CRF-82-579 (Muskogee County Dist. Ct. Sept. 16, 2005). The trial court expressly found petitioner "had no grounds on which to withdraw his plea, and has stated no grounds upon which to base a withdrawal of his plea." *Id*., slip op. at 6.

The Oklahoma Court of Criminal Appeals (OCCA) affirmed the district court's conclusions, finding "[t]he Post-Conviction Procedure Act is not a substitute for a direct appeal, nor is it intended as a means of providing a Petitioner with a second direct appeal. A claim which could have been raised on direct appeal, but was not, is waived." *Clayton v. State*, No. PC-2005-1008, slip op. at 6 (Okla. Crim. App. Dec. 20, 2005) (citations omitted). The OCCA further found "nothing in this record supporting Petitioner's claim that his pleas were not knowing and voluntarily entered . . . or support[ing] Petitioner's claims that he was denied effective assistance of counsel." *Id*. The trial court's findings were affirmed as follows:

6

> Judge Norman found that Petitioner, despite his claims to the contrary, is no novice when it comes to the legal system. Judge Norman noted that Petitioner was well aware that his counsel could make no promises as to the sentence Petitioner would receive if he entered a blind plea. Additionally, Petitioner was asked numerous times at his sentencing hearing if there were any promises made to him, or if he had been coerced into entering his plea, and Petitioner repeatedly stated that there were no promises made and he had not been coerced. With regard to Petitioner's claim that counsel failed to pursue valid defenses, Judge Norman noted that this issue was also addressed numerous times at Petitioner's hearing. . . .
>
> Judge Norman addressed each of Petitioner's remaining claims. Specifically, Petitioner claimed that he was unable to contact defense counsel regarding his desire to withdraw his plea, and that he was denied access to appellate counsel. Judge Norman found that Petitioner was fully advised of his right to appeal, and presented the court with no basis for his claim that he had valid grounds upon which he could withdraw his pleas. . . .
>
> Judge Norman found no merit in Petitioner's claim of ineffective assistance of counsel. Petitioner was represented by experienced and competent counsel, and failed to show the court that he was entitled to relief. References to the record indicated that Petitioner stated he understood the nature of his pleas, that he believed counsel had effectively assisted him, and that he had not been forced to enter the pleas. Judge Norman found that Petitioner's plea was knowing, voluntary, and proper in all respects, and that there was no coercion used to induce Petitioner to enter a guilty plea.

*Id*. slip op. at 2-5. A state court's findings of fact are presumed correct, unless the petitioner rebuts them by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Petitioner claims the reason for the procedural default of his state post-conviction and federal habeas corpus claims was his attorney's failure to communicate with him and file an appeal. In *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), the Supreme Court held that a claim that counsel was ineffective in failing to perfect an appeal must be analyzed under the well-established standards set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). To establish ineffective assistance of counsel, petitioner must show (1) his counsel's

performance was deficient and (2) the deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687; *Osborne v. Shillinger*, 997 F.2d 1324, 1328 (10th Cir. 1993).

> We [] hold that counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. In making this determination, courts must take into account all the information counsel knew or should have known. See *Strickland*, 466 U.S. at 690 (focusing on the totality of the circumstances). Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant sufficiently demonstrated to counsel an interest in an appeal.

*Roe v. Flores-Ortega*, 528 U.S. at 480.

In this court's previous order denying habeas corpus relief, the court found that petitioner was very knowledgeable of the legal system, and he was fully capable of withdrawing the guilty pleas on his own. (Docket #59 at 6-7). The court, therefore, found he had failed to show "cause" for his procedural default. *Id*. at 7. Because petitioner's claim of ineffective assistance of counsel was not analyzed under the standards of *Strickland*, however, the earlier order is hereby vacated for the proper analysis, pursuant to *Roe v. Flores-Ortega*.

Petitioner has presented a copy of a letter dated September 21, 2004, he claims he sent to Mr. Hoch regarding his appeal. (Docket #12, Exhibit M). The letter complains about

difficulty in telephoning Hoch, and it questions whether petitioner will receive the "deal" that was discussed prior to his September 15, 2004, plea. Petitioner asks for reassurance that he will receive credit for time served since 1982, along with good-time credit, and that he would be home by Christmas 2004. He maintains he would not have entered a blind plea without the assurances that he would be released in December 2004, and he asks Hoch to contact him or his wife to discuss these issues. He continues with complaints about access to the law library. Petitioner ends his letter with a request that Hoch file an appeal or a motion to withdraw his plea on Count I. He also advises Hoch that he has not mentioned his "deal" to the trial judge.

After careful review, the court finds petitioner has failed to show the alleged deficient performance by Mr. Hoch prejudiced petitioner, because petitioner has not demonstrated the existence of a claim of constitutional error which could have resulted in setting aside his pleas. The record clearly shows petitioner was advised of his right to file a motion to withdraw the pleas and to file an appeal. There is no evidence, however, that petitioner's counsel was aware of, or should have been aware of, any relevant facts which could have been the basis for withdrawing petitioner's pleas or filing an appeal. Petitioner's apparently is asserting that his pleas were invalid, because he did not get the benefit of the "secret deal" he allegedly discussed with Hoch prior to the plea proceedings. Petitioner expressly testified under oath, however, that there was no agreement, and he acknowledged that the court would not be bound by any agreement. He now wants this court to find his attorney was ineffective in failing to attempt to withdraw the plea, based on the "secret deal" and petitioner's false testimony. Petitioner has presented no authority for such a finding.

Furthermore, counsel's inaccurate prediction of a defendant's sentence, standing

9

alone, does not constitute a constitutionally deficient performance rising to the level of ineffective assistance of counsel. *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993), *cert. denied*, 510 U.S. 1184 (1994). The trial court's full explanation of the sentencing possibilities in this case precludes any claim that petitioner suffered prejudice from counsel's prediction of parole. *See Doganiere v. United States*, 914 F.2d 165, 168 (9th Cir. 1990), *cert. denied*, 499 U.S. 940 (1991). Even if petitioner told his attorney to file an appeal, there is nothing in the record to indicate his attorney had any reason to know of an error of constitutional magnitude. The court, therefore, finds petitioner has failed to show he was prejudiced by counsel's alleged failures. *Strickland*, 466 U.S. at 687; *Coleman v. Thompson*, 501 U.S. 722 at 753 (1991).

Petitioner argued in his state post-conviction proceedings that he had been denied an appeal through no fault of his own. *Clayton*, No. PC-2005-1008, slip op. at 2. The OCCA affirmed the trial court's conclusion that petitioner had failed to demonstrate he was denied an appeal through no fault of his own, and that finding of fact is entitled to a presumption of correctness under § 2254(e)(1). Petitioner has the burden of overcoming the presumption of correctness by clear and convincing evidence. Petitioner, however, provides nothing in support of his claim. After reviewing the record, the court finds petitioner has failed to overcome the presumption of correctness afforded the OCCA's finding of fact that petitioner failed to demonstrate denial of an appeal through no fault of his own. Petitioner is not entitled to federal habeas corpus relief.

Petitioner's only other means of gaining federal habeas review is a claim of actual innocence under the "fundamental miscarriage of justice" exception. *Herrera v. Collins*, 506 U.S. 390, 403 (1993); *Sawyer v. Whitley*, 505 U.S. 333, 339-341 (1992). Petitioner,

however, does not contend he is actually innocent of Count I. Therefore, the court finds the "fundamental miscarriage of justice" exception to the procedural default doctrine has no application to this case.

**ACCORDINGLY,** petitioner's motion pursuant to Fed. R. Civ. P. 59 (Docket #62) is GRANTED, and the court's order entered on June 11, 2007, is VACATED. Petitioner's petition for a writ of habeas corpus (Docket #1) is hereby DENIED as procedurally barred, for the reasons set forth in this Opinion and Order. All other pending motions are DENIED as moot.

DATED this 26th day of March, 2008.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma