# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES CLAYTON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 06-014-FHS-KEW |
| | ) |
| JUSTIN JONES, DOC Director,[1] | ) |
| | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Petitioner appealed the court's order denying his petition for a writ of habeas corpus, and the Tenth Circuit Court of Appeals remanded the case for a hearing to determine whether he requested counsel to file an appeal after his September 15, 2004, guilty plea. *Clayton v. Ward*, No. 08-7038, slip op. at 8 (10th Cir. Aug. 13, 2009). Pursuant to the Tenth Circuit's Order and Judgment, an evidentiary hearing was held with petitioner represented by counsel.

Attorney Steve Presson testified that petitioner's wife called him in late 2004, after petitioner was resentenced and after the deadline for seeking to withdraw the plea had passed. (Tr. 9-10, 15). Petitioner's wife asked Presson for advice about having petitioner's plea withdrawn, because petitioner and his wife had not been able to contact petitioner's trial attorney Albert Hoch. (Tr. 9-10). Presson attempted to telephone Hoch five or six times over three to four weeks, but Presson only reached Hoch's answering service. (Tr. 10, 14). Presson left his name and number each time, but he never spoke to Hoch. (Tr. 10-11, 14).

---

[1] Justin Jones, the current DOC Director, is hereby substituted as the proper respondent. *See* Rule 2(a) of the Rules Governing Section 2254 Cases; *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 494-95 (1973).

Charles Pearson, Muskogee County Sheriff, testified that, based on his experience with petitioner in the Muskogee County Jail, Pearson found petitioner to be "honest and truthful in the matters that required investigation or complaints that he had made." (Tr. 20, 22).

Craig Sutter of the Oklahoma Indigent Defense System (OIDS) testified that Attorney Albert Hoch has been contracted with the agency for a number of years, and Hoch "does quite a bit of contract work" for OIDS. (Tr. 40, 48). According to Sutter, an OIDS attorney is obligated "to keep the channels of communication open" during the ten-day period for withdrawing a plea, and the attorney would be expected to accept at least one telephone call during the ten-day period. (Tr. 29, 35, 41). The OIDS attorneys are expected to follow the rules of professional conduct with regard to client communication, but there is no specific training in that area. (Tr. 38-39).

Deputy Ida Tompkins testified that the Muskogee County Jail records indicated petitioner sent a letter to Albert Hoch on September 24, 2004, and petitioner also mailed a letter to Muskogee County District Judge Mike Norman on September 3, 2004. (Tr. 52, 54-56; Pet. Ex. C-3 at 15, 13). The jail's call detail report showed that petitioner called Mr. Hoch's business telephone 22 times during the ten-day period from September 15, 2004, to September 27, 2004.[2] (Tr. 59-63; Pet. Ex. C-4 at 3-4). With the exception of a call attempted on September 22, 2004, which indicates "Validation Denied, Account not found," all of the calls in this time range indicate either "Called Party Hung Up" or "Station Hangup." (Pet. Ex. C-4 at 3-4).

---

[2] September 25, 2004, was a Saturday.

Jerry Seitz, a Muskogee minister, testified he was present at a September 15, 2004, conference in the Muskogee County Courthouse when petitioner, Attorney Albert Hoch, and petitioner's family discussed petitioner's taking a blind plea. (Tr. 67, 70). Mr. Seitz recalled that Mr. Hoch told petitioner that if he entered a blind plea, petitioner would be home by Christmas. (Tr. 71). Seitz did not remember any discussion of an appeal, but petitioner's wife asked Seitz to call Mr. Hoch on behalf of petitioner. (Tr. 72). Seitz made three or four calls to Hoch's office, talking once to Hoch's secretary and twice leaving a message on Hoch's answering machine. (Tr. 72). On the fourth call Mr. Seitz left his name and phone number with a message that petitioner wanted to appeal. (Tr. 72-73). Seitz never heard from Mr. Hoch. (Tr. 73).

Petitioner testified he had reservations about the plea arrangement, but his attorney Mr. Hoch told him, "If anything goes wrong, . . . we will appeal." (Tr. 82). "He said, 'I'll file a motion to withdraw, you can appeal it,' and 'we'll have it and we'll undo the deal right there.'" (Tr. 82). Petitioner understood the "motion to withdraw" to be an application to withdraw the plea. (Tr. 82). Petitioner further testified that before he went into the courtroom to enter his plea, he told Hoch, "Okay. Well, let's appeal it then." (Tr. 83-84).

According to petitioner, Judge Norman advised him during the plea proceedings that he had the right to an appeal, and he would have to give written notice within ten days to attempt to withdraw the plea. (Tr. 84). In addition, the judge said he would appoint Mr. Hoch for the ten-day appeal period. (Tr. 84).

Petitioner further testified that after the plea, he told Hoch he wanted to talk to him, and Hoch said he would come down to the holding cell at the Sheriff's Office. (Tr. 86). At the holding cell petitioner told Hoch he wanted to return to the State of Washington, visit his

3

wife, and keep his hair for religious reasons. (Tr. 86). As Hoch was leaving, petitioner told him, "Now, don't forget to appeal Count 1." (Tr. 86). Hoch waved his hand and kept going, saying something like "Got it" or "Okay" over his shoulder. (Tr. 87). Petitioner never heard from Hoch again after that encounter. (Tr. 87).

When the jailers told petitioner he would not be coming up for parole in November, he started trying to call Mr. Hoch. (Tr. 93-94). Petitioner also had his wife and brother-in-law attempt to call Hoch. (Tr. 94). Because petitioner and his family could not reach Hoch by telephone, petitioner wrote him a letter on September 21, 2004, asking him to file an appeal or withdraw the plea. (Tr. 94; Pet. Ex. A-7). Hoch never responded to the letter. (Tr. 107).

Petitioner further testified that from September 15-27, 2004, the ten-day period after his plea, he made 22 attempted phone calls to Hoch to discuss the contents of the September 21, 2004, letter. (Tr. 114, 116). He continued trying to reach Mr. Hoch by telephone until October 8, 2004. (Tr. 115). Mr. Hoch did not accept any of petitioner's calls, and petitioner never got the opportunity to speak to a person, an answering service, or a message machine. (Tr. 115-16).

As for petitioner's September 16, 2004, letter to Judge Norman, petitioner testified it was written the day after his sentencing, when he assumed his understanding of the plea arrangement was correct. (Tr. 117-18; Pet. Ex. A-5). His comments in the letter concerning his sentence meant he would have preferred a sentence he could discharge without parole. (Tr. 119-20). Nothing in the letter concerned petitioner's desire to file an appeal. (Tr. 120).

Petitioner testified he wrote a September 21, 2004, letter to Judge Norman, because he was concerned about whether he would receive credit for the previous time he had served.

4

(Tr. 120-21; Pet. Ex. A-8). Petitioner asked the judge to contact his attorney, if petitioner's recollection of the plea agreement was incorrect. (Tr. 121; Pet. Ex. A-8 at 2). Petitioner stated in the letter that he had until September 27, 2004, to file a motion to withdraw his plea. (Tr. 138; Pet. Ex. A-8 at 2).

The respondent called no witnesses at the evidentiary hearing, but filed an affidavit by Mr. Hoch regarding the issue of whether petitioner asked him to file an appeal following the plea, in accordance with the Tenth Circuit's remand, *Clayton*, No. 08-7038, slip op. at 8. (Tr. 161; Respondent's Ex. A). Hoch's affidavit states that if petitioner had indicated to him prior to entering the plea that he wanted to withdraw it immediately afterward, Hoch "would not have gone through the frivolous event of entering a sham plea." (Respondent's Ex. A at 1). The affidavit also states Hoch has no record or recollection of having received a letter from petitioner dated September 21, 2004. (Respondent's Ex. A at 2). Regarding petitioner's alleged desire to file an appeal, Hoch states:

> 6. At the time of his sentencing, Mr. Clayton appeared satisfied with his sentence and he never indicated he desired to appeal. At no time after the sentence did Mr. Clayton express a desire to withdraw his plea and/or appeal, either orally or in writing. If he had so indicated, a Motion to Withdraw Plea would have been filed and a hearing date would have been set. Assuming the Motion had been denied, a Notice of Intent to Appeal would have been filed. This was not done at the time as it was not requested by Mr. Clayton.

(State's Ex. A at 2). The affidavit, however, does not address petitioner's claim that his numerous phone calls to Mr. Hoch were not accepted, or the testimony by Steve Presson and Jerry Seitz concerning their numerous unreturned messages for Hoch.

As set forth in the Tenth Circuit's remand, "counsel's failure to file an appeal when the client has requested he do so constitutes deficient and prejudicial performance under

5

*Strickland v. Washington*, 466 U.S. 668 (1984)." *Clayton*, No. 08-7038. slip op. at 4 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)).

> The Court stated that when an attorney "disregards specific instructions from the defendant to file a notice of appeal [he] acts in a manner that is professionally unreasonable." *Roe*, 528 U.S. at 477. In addition, when counsel ignores a specific instruction to file an appeal, there is a presumption that the defendant was prejudiced. *Id.* at 483 (stating that a specific showing of prejudice is not required when defendant is denied assistance of counsel in perfecting an appeal).

*Clayton*, slip op. at 4.

After careful review of the evidence presented at the evidentiary hearing, the court finds the respondent has failed to refute petitioner's allegation that his attorney failed to comply with petitioner's request to file an appeal. This conclusion is supported by petitioner's testimony, the jail's phone records showing 22 attempted calls to Mr. Hoch during the ten-day period after the plea, the jail mail records showing petitioner mailed a letter to Mr. Hoch on September 23, 2004, and testimony that Attorney Steve Presson and Jerry Seitz left numerous unanswered phone messages for Mr. Hoch concerning petitioner's desire to file an appeal. While Mr. Hoch's affidavit denied any recollection of petitioner's letter, he did not address the claims of unanswered phone calls placed to his office.

**ACCORDINGLY,** the Magistrate Judge recommends that this case be held in abeyance for not longer than 120 days to allow petitioner to withdraw his guilty plea to Count 1 of Muskogee County District Court Case No. CRF-1982-579.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the

Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 3rd day of November 2010.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE