# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JAMES EDWARD CLAYTON,** | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV 06-014-FHS-KEW |
| **RON WARD, DOC Director,** | ) ) ) |
| Respondent. | ) ) |

## OPINION AND ORDER

Petitioner's counsel has filed a "motion to reconsider minute orders (Docket #183 and #187) for previously-overlooked pleading"[1] [Docket No. 190]. Counsel alleges he suffered an extended medical incapacitation and was unable to respond to the respondent's motion to deem confessed the respondent's motion to stay the court's Judgment entered on December 6, 2010 [Docket Nos. 162, 170 & 182]. Counsel alleges he advised petitioner that counsel possibly would be unable to respond to the motion to stay, even with extensions of time, and petitioner said he intended to file a pro se response with the court. Counsel told petitioner that petitioner's plan was acceptable, and the pro se response was docketed by the court on March 7, 2011 [Docket #187]. The pro se response, however, was stricken by the court the same day, because pursuant to 28 U.S.C. § 1654, petitioner was not entitled to proceed pro se at the same time he was represented by counsel [Docket No. 188]. After numerous orders and extensions of time directing petitioner to respond to the respondent's motion to stay [Docket Nos. 174, 176, 178 & 181], the court granted the respondent's motion

---

[1] Docket No. 187 is not a minute order. It is petitioner's pro se response to the respondent's motion to stay the court's Judgment.

to deem confessed the motion to stay on March 4, 2011 [Docket No. 183].

Construing petitioner's motion to reconsider as arising under Fed. R. Civ. P. 59(e), the court finds it has no merit. "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotations omitted). "Rule 59(e) relief is appropriate only where 'the court has misapprehended the facts, a party's position, or the controlling law.'" *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

The motion to reconsider is premised on petitioner's counsel's assertion that the court should have considered petitioner's pro se response to the motion to stay, because counsel was medically incapacitated:

> [C]ounsel would urge that when he advised Mr. Clayton of his counsel's medical incapacitation--even if only a partial incapacitation--counsel was thereby confessing and advising Mr. Clayton of counsel's own ineffectiveness; (hopefully only temporary) and, while counsel is presently unaware of any published case-law on the impact of an attorney's medical incapacitation on his legal "effectiveness" as an advocate, counsel would invite attention to the fact that in *United States v. Collins* (10th Cir. 2005) 430 F.3d, our Circuit, at 1266, endorsed the rule of at least three other Circuits holding that when a lawyer falls asleep in the courtroom, his effectiveness ceases during such periods of slumber. Thus, in a very realistic sense, Mr. Clayton became at least temporarily, uncounseled (for unavoidable medical reasons) where counsel told him of a potentially looming inability to complete and file the response (to the State's Stay Motion) by March 2, 2011, Mr. Clayton became, momentarily, and at least *de facto* if not strictly speaking *de jure*, *pro se*, and entitled upon his attorney's medical incapacitation to proceed *pro se* in an effort to advocate his interests himself. *Cf. Faretta v. California* (1975) 422 U.S. 806, 45 L.Ed.2d 569, 95 S.Ct. 2525.
>
> For example, would this point of law be any different if the circumstances had been that, on any day before March 3, 2011, Mr. Clayton

>had received notification that counsel had just been killed in a traffic accident?
>
>>For these reason [sic], Petitioner, still through counsel, urges the Court to vacate its (##183 and 187), [and] accept the Petitioner's own *pro se* Response (#187) as timely and valid.

[Docket No. 190 at 6].

Counsel's argument completely fails, however, to recognize that petitioner has two attorneys in this case. On February 15, 2010, J. Spencer Bryan entered his appearance on behalf of petitioner, and he subsequently filed numerous motions in the case and was present at petitioner's evidentiary hearing [Docket Nos. 124, 125, 132, 138 & 151]. Mr. Bryan has not withdrawn from this action, and the record shows he was served with all documents concerning the motion to stay.

Furthermore, even if the court had considered petitioner's pro se response to the motion to stay [Docket No. 187], the stay still would have been granted. Petitioner's arguments concerned, in part, his alleged statistical evidence that he already had served more time than others convicted of Second Degree Murder. He also claimed the respondent was procedurally barred from presenting the motion to stay, and further delays by the State would be prejudicial to him. In addition, petitioner again attempted to advance an allegation falling outside the scope of the habeas action that there was no factual basis for his plea and that his sentence was improperly enhanced. Finally, he again made his previously unsuccessful argument that he should be released on his own recognizance or on a reasonable bail.

After careful review, the court finds petitioner has failed to show he is entitled to relief under Fed. R. Civ. P. 59(e). He has presented no evidence of a manifest error of law or of relevant, newly discovered evidence. *See Phelps*, 122 F.3d at 1324.

**ACCORDINGLY,** petitioner's motion to reconsider [Docket No. 190] is DENIED.

**IT IS SO ORDERED** this 19th day of October, 2011.

Frank H. Seay
United States District Judge