# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAMES EDWARD CLAYTON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. CIV 06-014-FHS-KEW |
| | ) | |
| ROBERT PATTON, DOC Director, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

On June 6, 2013, this action was dismissed with prejudice (Docket Nos. 232, 233). Petitioner has filed a motion to reopen the case and for specific performance, pursuant to Fed. R. Civ. P. 60 (Docket No. 235). He alleges the requirements of the conditional writ of habeas corpus, set forth by this court on January 14, 2013 (Docket No. 224), and affirmed by the Tenth Circuit Court of Appeals in *Clayton v. Jones*, No. 11-7000 (10th Cir. Feb. 26, 2013) (Docket No. 228), are not being met. Petitioner asks the court to issue an "unconditional" writ of habeas corpus, ordering his immediate release from custody, because the State has failed to comply with the mandate by the Tenth Circuit.

The court first must determine whether petitioner's motion is a "true" 60(b) motion or a second and successive habeas petition. A Rule 60(b) motion should be treated as a second or successive § 2254 petition, "if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction." *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 538 (2005)). "Thus, . . . a Rule 60(b) motion is actually a second-or-successive petition if the success of the motion depends on a determination that the court had incorrectly ruled on the merits in the habeas proceeding." *In re Pickard*, 681 F.3d 1201, 1206 (10th Cir. 2012).

"[A] true Rule 60(b) motion does not 'attack[ ] the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief.'" *Id.* (citing *Gonzalez*, 545 U.S. at 532) (footnote and emphasis omitted). Here, the court finds petitioner's motion does not attack the habeas proceedings and the integrity of the resulting decision. Therefore, it is a true Rule 60(b) motion.

Rule 60 allows relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60(b) relief is extraordinary and may only be granted in exceptional circumstances." *Zurich North America v. Matrix Service, Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (internal citations omitted). Petitioner does not expressly set forth which ground under Rule 60(b) applies to his motion to re-open and for specific performance. Instead, he claims the State has failed to comply with the mandate.

2

The respondent has filed a response to the motion, noting that this court dismissed the habeas petition with prejudice on June 6, 2013, after the Oklahoma Court of Criminal Appeals complied with the conditional writ of habeas corpus by granting petitioner a certiorari appeal out of time on April 12, 2013. *See Clayton v. State*, No. PC-2013-301 (Okla. Crim. App. Apr. 12, 2013) (Docket No. 241-1 at 7). After the out-of-time appeal was granted, it was petitioner's responsibility to commence the appeal in accordance with the rules governing a certiorari appeal of a guilty plea. Petitioner's motion to withdraw his plea was filed on April l8, 2013, in the Muskogee County District Court. According to The Oklahoma State Courts Network at http://www.oscn.net, a hearing on the motion to withdraw plea was held on April 10, 2014. Petitioner's brief is due on May 30, 2014, and the State's response is due on July 11, 2014. The decision is set for August 1, 2014.

In its Order and Judgment, the Tenth Circuit specifically ordered that if the state court failed to grant petitioner leave to appeal out of time within 90 days of its February 26, 2013, mandate, he should be released. *Clayton*, No. 11-7000, slip op. at 2-3 (Docket No. 228). Because the Court of Criminal Appeals granted petitioner leave to appeal out of time on April 12, 2013, the State has complied with the mandate by the Tenth Circuit.

**ACCORDINGLY,** petitioner's motion to reopen case and for specific performance (Docket No. 235) is DENIED, and all remaining pending motions are DENIED as moot.

ENTERED this 20th day of May, 2014.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma